IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LAWRENCE L. BLANKENSHIP,
    Plaintiff,

vs.                         Case No: 3:10cv248/MCR/MD

HONORABLE JOHN SIMON, et al.,
    Defendants.

## REPORT AND RECOMMENDATION

This cause is before the court on plaintiff's civil rights complaint filed under 42 U.S.C. § 1983. (Doc. 1). The filing fee has been paid. Upon review of the complaint, the court concludes that plaintiff has not established a jurisdictional basis for this action, and that it should be dismissed.

Plaintiff is a resident of Pensacola, Florida. He is suing two state court judges in Escambia County, Florida: County Court Judge John Simon and Circuit Court Judge Kenneth L. Williams. Plaintiff states that in 2008 he obtained a judgment against two individuals in Small Claims court. The judgment provided that execution be withheld. (Doc. 1, p. 3; *see also id.,* p. 6). On January 27, 2010, defendant Judge Simon issued an Order for Execution providing that "the plaintiff may proceed to collection on the Final Judgment Execution Withheld entered October 10, 2008. Execution may issue at plaintiff's request. The Court retains jurisdiction over any future Orders it deems necessary." (*Id.*, p. 6). Plaintiff claims Judge Simon and Judge Williams are violating his constitutional rights by "not carrying out Judicial duties" in his case. Specifically, it appears plaintiff attempted to schedule a hearing but was told by the clerk of court that "Know [sic] Judicial Judges will hear [plaintiff's] cases." (*See id.*, pp. 3, 9). As relief, plaintiff seeks "non-economic

damages against Judicial Judge in the amount of $100,000, plus court costs and other reliefs [sic]." (*Id.*, p. 5).

A federal court must dismiss a case whenever it appears the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005); *University of South Alabama v. American Tobacco Co.* 168 F.3d 405, 410 (11th Cir. 1999) (once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue)*; Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted). A court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings, and in fact, a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking. *Bochese*, 405 F.3d at 975 (quoting *University of South Alabama*, 168 F.3d at 410). The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. *Lovern*, 190 F.3d at 653 (citations omitted). A district court may address its lack of subject matter jurisdiction in two ways: the court may find insufficient allegations in the pleading, viewing the alleged facts in the light most favorable to plaintiff, similar to an evaluation pursuant to Rule 12(b)(6), or, after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations. *Id.* (citations omitted). The burden is on the party asserting jurisdiction to demonstrate that jurisdiction in fact exists. *Id.* at 654 (citing *Thomas v. Gaskill*, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 2d 951 (1942)).

In this case, plaintiff asserts federal question jurisdiction based on claims arising under § 1983 (deprivation of his constitutional rights). But the mere assertion of a federal claim is not sufficient to obtain jurisdiction under 28 U.S.C. § 1331. "Federal jurisdiction requires that a party assert a *substantial* federal claim. *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (citing *Hagans v. Lavine*, 415 U.S. 528, 536, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1976)) (emphasis added); *see also Baker v. Carr*, 369 U.S. 186, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962) (if jurisdiction is based on a federal question, the plaintiff must show he has alleged a claim under federal law

and that the claim is not frivolous). In *Hagans*, the Supreme Court noted: "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly insubstantial, or no longer open to discussion.'" 415 U.S. at 536-37 (citations omitted). While emphasizing that this insubstantiality threshold is a difficult one to meet, the Court concluded that the substantiality doctrine "remains the federal rule and needs no reexamination." *Id.* at 538. A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).

Here, plaintiff's claims against Judge Simon and Judge Williams are obviously frivolous in that they are precluded by the doctrine of judicial immunity. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction. . . ." *Pierson v. Ray*, 386 U.S. 547, 553–54, 87 S.Ct. 1213, 1217, 18 L. Ed. 2d 288 (1967). Judicial immunity applies when (1) "the judge deal[t] with the plaintiff in his judicial capacity" and (2) the judge did not act "in the 'clear absence of all jurisdiction.'" *Dykes v. Hosemann*, 776 F.2d 942, 945 (11th Cir. 1985) (en banc ) (quoting *Stump v. Sparkman*, 435 U.S. 349, 357, 98 S. Ct. 1099, 1105, 55 L. Ed.2 d 331 (1978)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). The allegations of plaintiff's complaint establish that to the extent Judge Simon and Judge Williams dealt with the plaintiff, *i.e.*, when they acted, or declined to act, in plaintiff's Small Claims case, they did so in their judicial capacities. It is also apparent that the defendants did not act "in the clear absence of all jurisdiction" when they engaged in the challenged conduct. Therefore, plaintiff has failed to state

a substantial federal claim against either defendant, and his claims against them should be dismissed.

To the extent plaintiff's complaint can liberally be construed as raising one or more claims under state law, the undersigned recommends that the court, in its discretion pursuant to 28 U.S.C. § 1367(c)(3), decline to exercise supplemental jurisdiction over any state law claims. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's federal claims be DISMISSED for lack of jurisdiction.
2. That any state law claims be DISMISSED WITHOUT PREJUDICE.
3. That the clerk be directed to close the file.

At Pensacola, Florida this 15th day of July, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**